**UNITED STATES of America,
Appellee–Cross–Appellant,**

v.

**Juan Manuel CASTILLO, Defendant–
Appellant–Cross–Appellee.**

**Nos. 05–1180–cr(L), 05–1580–cr(XAP).**

United States Court of Appeals,
Second Circuit.

May 31, 2006.

Victor L. Hou, Assistant United States Attorney (Celeste L. Koeleveld, Assistant United States Attorney), for Michael J.

Garcia, United States Attorney for the Southern District of New York, New York, N.Y., for Appellee–Cross–Appellant, of counsel.

Arza Feldman (Steven A. Feldman), Feldman & Feldman, Uniondale, N.Y., for Defendant–Appellant–Cross–Appellee, of counsel.

PRESENT: Hon. AMALYA L. KEARSE, Hon. PIERRE N. LEVAL, and Hon. GUIDO CALABRESI, Circuit Judges.

### SUMMARY ORDER

Appellee–Cross–Appellant Juan Manuel Castillo appeals his conviction and sentence after being found guilty on two counts of conspiracy with intent to distribute more than five kilograms of cocaine, and being sentenced to 180 months' imprisonment, a $25,000 fine, and a $200 special assessment. Castillo challenges his conviction on the ground that the jury improperly, and prejudicially, heard evidence of uncharged crimes without receiving a curative instruction from the district court. Castillo's challenge to his sentence is limited to the amount of his fine, which he contends was imposed arbitrarily.

We presume the parties' familiarity with the facts, the procedural history, and the scope of the issues presented on appeal, which we reference only as necessary to explain our decision.

Castillo argues that it was error for the district judge not to have issued curative instructions after the jury twice heard a government witness refer to Castillo's desire to "tie up" an employee of his whom Castillo suspected of having stolen his car and the approximately 15 kilograms of cocaine hidden inside it. Because the district judge sustained objections to the testimony and Castillo's counsel did not

request an instruction at trial, we review the district court's failure to give a curative instruction for plain error. *See* Fed. R.Crim.P. 52(b); *United States v. Salameh*, 152 F.3d 88, 142, 145 (2d Cir.1998).

Under the plain error standard, we will reverse only if the defendant shows "(1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Snype*, 441 F.3d 119, 138 (2d Cir.2006). An error "affects the substantial rights of a defendant if it is prejudicial and affects the outcome of the district court proceedings." *United States v. Keigue*, 318 F.3d 437, 442 (2d Cir.2003) (internal quotation marks and alterations omitted). The defendant has the burden of demonstrating plain error. *See, e.g., Salameh*, 152 F.3d at 145.

■ Castillo cannot meet his burden of showing that the district court's failure to give a curative instruction about the witness's mention of uncharged potential crimes affected the outcome of his trial. The jury heard extensive evidence linking Castillo to drug trafficking, including eyewitness testimony that Castillo personally oversaw the unloading of cocaine in a garage and had drug traps installed in his cars, and cell phone conversations during which Castillo and his partner appeared to be arranging for cocaine deliveries to wholesale dealers. Under the circumstances, the district judge's failure to give curative instructions on one witness's vague references to Castillo's "tying up" his employee, to which objections were sustained, is " 'unimportant in relation to everything else the jury considered on the issue in question,' " *United States v. Rea*, 958 F.2d 1206, 1220 (2d Cir.1992) (quoting *Yates v. Evatt*, 500 U.S. 391, 403, 111 S.Ct. 1884, 114 L.Ed.2d 432 (1991)), and therefore harmless.

■ As to his sentence, Castillo argues that the district court erred in imposing a $25,000 fine. Citing our warning that "the sentencing court may not base the imposition of a fine on its mere suspicion that the defendant has funds," *United States v. Rivera*, 22 F.3d 430, 440 (2d Cir.1994), Castillo argues that the district judge did just that when he said in justification of the fine, "Given the nature of this case I think it's fair to infer that he's got some assets somewhere." We disagree.

Under the Sentencing Guidelines, the defendant bears the burden of showing "that he is unable to pay and is not likely to become able to pay any fine." U.S.S.G. § 5E1.2(a); *see United States v. Salameh*, 261 F.3d 271, 276 (2d Cir.2001). Castillo did not provide a financial statement to the Probation Office to assist in the preparation of the Presentence Report. Having failed to provide information as to his finances, Castillo cannot claim to have sustained his burden of showing inability to pay the fine.

Furthermore, when taken in context, the "infer[ence]" drawn by the district court that Castillo has assets "somewhere," sufficient to enable him to pay a fine of $25,000, was not based on mere suspicion, but was reasonably supported by the evidence and information before the court. The trial evidence, together with information presented in the probation officer's report, showed that Castillo had operated a substantial drug trafficking business involving hundreds of thousands of dollars worth of cocaine, that he owned and operated a number of luxury vehicles, into which, at a cost of approximately $14,000 per vehicle, he had built hidden traps for concealment of cocaine, that he had operated a dry cleaning service and an auto body shop, and that he carried a mortgage of nearly $50,000 and a $4,047 car lease.

Having considered all of Castillo's arguments and having found them to be with-

out merit, we therefore AFFIRM the decision of the district court.